# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

ROY WILLIAMS,                    )
                                )
        Petitioner,             )
                                )
    v.                          )       No. 3:07-1038
                                )       (Criminal Case No. 3:05-00169)
UNITED STATES OF AMERICA,        )       Judge Echols
                                )
        Respondent.             )

## MEMORANDUM

Pending before the Court is Petitioner Roy Williams' "Emergency Motion for Modification of Sentence – 28 U.S.C. § 2255" (Docket Entry No. 1). The Government has responded in opposition to that Motion (Docket Entry No. 5).

## I. FACTUAL BACKGROUND

On December 20, 2005, Petitioner pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute a liquid mixture containing Gamma-butyrolactone, a controlled substance analogue of Gamma-hydroxybutyric Acid, knowing that such substance was intended for human consumption, in violation of 21 U.S.C. § 841(a)(1), 813, and 802(32) and 21 C.F.R. § 1308.11(e)(1). In the plea agreement, Petitioner's sentencing range was calculated to be 57-71 months imprisonment.

Based upon Petitioner's substantial assistance in an ongoing investigation, the United States moved for a downward departure. On February 3, 2007, this Court accepted the plea agreement, granted the departure motion, and sentenced Petitioner to imprisonment for 18 months, to be followed by 3 years of supervised release. Petitioner was also fined $5,000. No appeal was taken.

On October 17, 2007, Petitioner filed his "Emergency Motion to Modify His Sentence," pursuant to 28 U.S.C. § 2255. Petitioner requests that the Court modify his sentence to the time he

has already served and six months of home confinement. (Docket Entry No. 1 at 2). His basis for this request is the 'extraordinary circumstance" that his parents are not in good health and need his care. In support of his Motion, Petitioner attached a letter from his parents' internist, Dr. Frances A. Berry-Brown, who indicates that Petitioner's father is eighty-five years old, has coronary artery disease, had bypass surgery in 1999, and is under the care of a cardiologist. Dr. Berry-Brown also indicates that Petitioner's mother is 87 years old, has chronic back pain, osteoarthritis, pain from extensive fat necrosis, and uses a walker to get around.

## II. STANDARD OF REVIEW

To prevail on a § 2255 motion, the Petitioner must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on his criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993). Claims of error must be raised in the trial court and on direct appeal or such claims are procedurally defaulted. See Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000).

## III. LEGAL ANALYSIS

As a preliminary matter, the Court finds that Petitioner has waived his right to challenge his sentence insofar as his claim is not based upon involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. The Plea Agreement which Petitioner signed contained the following provision:

### Waiver of Appellate Rights
25. Defendant further understands he is waiving all appellate rights that might have been available if he exercised his right to go to trial. It is further agreed that (i) defendant will not file a direct appeal, nor litigate under Title 28, United States Code,

2

Section 2255 and/or Section 2241, any sentence within or below the Anticipated Guideline Range and (ii) the government will not appeal any sentence within the Anticipated Guideline Range or below the Anticipated Guideline Range if the government has moved for downward departure. This provision is binding on the parties even if the Court employs a U.S.S.G. analysis different than that stipulated herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulated U.S.S.G. analysis. Such waiver does not apply however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(Plea Agreement ¶ 25).

A defendant may waive the right to appeal or challenge his sentence in post-conviction proceedings, as long as the waiver is knowing and voluntary. <u>United States v. Fleming</u>, 239 U.S. 761, 763-64 (6th Cir. 2001). A waiver of a right to appeal contained in a plea agreement is presumptively valid. <u>Goodrum v. United States</u>, 126 Fed. Appx. 713, 716 (6th Cir. 2005).

At the plea colloquy, the Court discussed the Waiver of Appellate Rights paragraph with Petitioner and Petitioner acknowledged that he understood this waiver. The waiver was knowing and voluntary. Because the sentence Petitioner received was well-below the anticipated Guideline Range, he is not entitled to challenge his sentence, except insofar as he claims involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

Notwithstanding Petitioner's Waiver of Appellate Rights, the Court rejects Petitioner's request for a modification of sentence. Petitioner seeks a modification of his sentence in order to care for his parents. Petitioner specifically states that he "is not contesting his plea – nor length of his Sentence, and does not seek a lesser sentence," and that "[t]he Sole Issue is that Petitioner's current Sentence is being served under a severe **<u>Hardship</u>**, due to the current health crisis in his immediate Family, where his elderly parents . . . are Enduring in their latter **80's** virulent-**disease.**" (Docket Entry No. 1 at 1-2, emphasis in original). The Government argues that Petitioner's Motion under 28 U.S.C. § 2255 is not the proper vehicle for such relief.

3

"A district court may only modify an imposed sentence of imprisonment pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2106, or Fed. R. Crim. P. 35." Word v. United States, 109 Fed. Appx. 773, 774 (6th Cir. 2004). In this case, Petitioner does not claim that his sentence is illegal or that he is being held unlawfully and therefore section 2255 is inapplicable. This "court d[oes] not have jurisdiction under § 2106 because the action [i]s not before the court after remand from a higher court." Id. Finally, the Court does "not have jurisdiction under either subpart of Rule 35" because "[t]he seven-day period following sentencing ha[s] passed for correcting arithmetical, technical, or other clear error, and the government ha[s] not moved for a reduction in [Petitioner's] sentence[.]" Id. Thus, the Court cannot modify Petitioner's sentence in this case.

In his Motion, Petitioner asserts counsel was ineffective in failing to present the possibility of "alternative sentencing" to the Court at the time of sentencing due to the health conditions of his parents. This claim of ineffectiveness of counsel fails.

To establish ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Evitts v. Lucey, 469 U.S. 387, 396 (1985). Petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not." Id. A court need not address both parts of the Strickland test if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 697.

In this case, Petitioner has not established ineffective assistance of counsel based upon counsel's failure to argue for a reduction in sentence due to the health conditions of Petitioner's parents. "[F]amily ties and responsibilities and community ties are ordinarily not relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6. [1] Here, Petitioner has shown nothing extraordinary about his family ties and responsibilities.

The submissions made by Petitioner, including the letter from Dr. Berry-Brown, does not establish extraordinary circumstances which would warrant a downward departure. Counsel cannot be deemed ineffective where a "motion for downward departure based on family circumstances would likely have been fruitless." Familia v. United States, 2006 WL 3488979 at *3 (W.D. Tex. 2006).

Moreover, many defendants appearing before the Court for sentencing have ailing family members. Absent a showing that this case is markedly different from those considered to be in the heartland of cases contemplated by the Sentencing Guidelines warranting departure, "petitioner cannot establish prejudice arising from counsel's failure to pursue this claim." Johnson v. United States, 2007 WL 4615236 at *14 (S.D. Fla. 2007).

In any event, it is not as if this Court was unaware of Petitioner's family circumstances at the time it imposed sentence, or that no pleas for leniency were made to the Court based upon the medical condition of Petitioner's parents. Prior to sentencing, the Court received the Presentence

---

[1]The Court notes that in light of United States v. Booker, 534 U.S. 220 (2005) "the fact that a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing statutory factors apart from the guidelines." United States v. Aitoro, 446 F.3d 246, 255 n. 9 (1st Cir. 2006). Thus, "[i]n an appropriate case, a trial court . . . has a freer hand to account for" factors disapproved by the Guidelines. United States v. Davis, 458 F.3d 491, 498 (6th Cir. 2006). This is not such a case.

5

Report which detailed Petitioner's family background and circumstances. The Court also received many letters sent on Petitioner's behalf which requested leniency.

Petitioner's sister, Joy Frietch, wrote the Court and stated that the family was dependent on Petitioner to take care of their elderly parents who were in poor physical health. Another sister, Robin Williams, wrote the Court and explained that both parents were elderly and required medical care. She implored the Court to allow Petitioner to remain free so that he could assist her in caring for their ailing parents. Thus, the Court was fully aware of Petitioner's family circumstances and his parents' ill-health at the time of sentencing. Counsel was not ineffective for failing to raise a matter which was already known to the Court.

Petitioner received a substantial break in his sentence based on the downward departure motion filed by the Government. Instead of receiving a sentence of between 57 to 71 months as advised by the Guidelines, he received a sentence of 18 months. No further downward departure based upon Petitioner's family ties and circumstances was warranted in this case.

## IV. <u>CONCLUSION</u>

On the basis of the foregoing, the "Emergency Motion for Modification of Sentence – 28 U.S.C. § 2255" (Docket Entry No. 1) will be denied, this case will be dismissed, and no Certificate of Appealability will issue.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

6